[743 NYS2d 519]

In the Matter of THOMAS C. MONAGHAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 3, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

*Diarmuid White,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

By order of the United States District Court for the Southern District of New York (hereinafter the SDNY), dated March 27, 2001, the respondent was publicly censured for his race-based abuse of opposing counsel in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (6) (22 NYCRR 1200.3 [a]

[5], [6]). Upon the petitioner's motion to impose discipline upon the respondent, pursuant to 22 NYCRR 691.3, based upon the disciplinary action taken by the SDNY, the respondent raised the defense that there was such an infirmity of proof establishing the misconduct that this Court should not accept as final the finding of the SDNY. By decision and order of this Court dated December 14, 2001, the petitioner's motion was held in abeyance pending a hearing, pursuant to 22 NYCRR 691.3 (d), and Marilyn W. Levy, Esq., was appointed Special Referee, to hear and report.

The misconduct involved in this matter emanates from the respondent's admittedly "inappropriate and rude and crude" conduct towards opposing counsel during a deposition by the United States Department of Labor in a proceeding captioned *Matter of William Mason and Company et al.* The respondent represented Patricia Fater-Parsons at her depositions on February 15, 1996, and March 22, 1996. Gail A. Perry, a black woman, conducted the deposition on behalf of the Department of Labor. The respondent engaged in a continuing harangue of Ms. Perry for her alleged mispronunciation of the words "establish" and "especially."

On May 9, 1996, the Department of Labor moved in the SDNY, inter alia, to impose costs and sanctions against the respondent based on his disruptive conduct during the Fater-Parsons deposition. In an affidavit in opposition to that motion and at a hearing on June 11, 1996, before Judge Mukasey with respect to the motion for costs and sanctions, the respondent continued to insist that Perry was guilty of glaring mispronunciations. That hearing was unrelated to any disciplinary proceeding in the SDNY. Despite a warning from Judge Mukasey that he would be referred to the disciplinary committee for his personal attacks on Perry, the respondent persisted in his efforts to justify his conduct. Judge Mukasey ordered the respondent to pay $500 in fines and costs.

Approximately four months later, the respondent sent Ms. Perry a letter of apology, dated November 6, 1996, in which he acknowledged, to his "extreme embarrassment," that his "language and tone were unwarranted and inappropriate under the totality of circumstances surrounding the entire unfortunate incident."

By written stipulation dated January 12, 2001, the respondent conceded that his conduct was in violation of Code of Professional Responsibility DR 1-102 (a) (5) (engaging in conduct prejudicial to the administration of justice) and (6)

(unlawfully discriminating in the practice of law on the basis of age, race, creed, color, national origin, sex, disability, marital status, or sexual orientation) (22 NYCRR 1200.3 [a] [5], [6]). The respondent and the prosecuting attorney stipulated that a public censure was the appropriate sanction for the disciplinary violations involved.

In an order dated March 27, 2001, the Honorable Jed S. Rakoff, Chair, Committee on Grievances, SDNY, directed that the respondent "be publicly censured for his race-based abuse of opposing counsel in violation of DR 1-102 (a) (5) and (a) (6)."

In his verified statement in response to the petitioner's notice of motion pursuant to 22 NYCRR 691.3 to impose reciprocal discipline upon him, the respondent raised an affirmative defense regarding the infirmity of proof establishing the misconduct, solely with respect to the finding that his misconduct was race-based. The respondent exercised his right to a hearing, pursuant to 22 NYCRR 691.3 (d).

Based on the evidence adduced, the Special Referee found the respondent's "crude and offensive conduct and language to be substantially more likely to have been gender-related rather than race-related." The Special Referee found no evidentiary grounds to support the order of the Committee on Grievances. Accordingly, the Special Referee sustained the affirmative defense raised by the respondent.

Based upon the respondent's stipulation dated January 12, 2001, and the evidence adduced, we conclude that the Special Referee erred in sustaining the affirmative defense raised by the respondent. Accordingly, the respondent's motion to confirm the Special Referee's report, which was joined by the petitioner, is denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's disciplinary history, which includes an admonition dated November 19, 1996, and a one-year suspension (see Matter of Monaghan, 295 AD2d 92). Under the totality of circumstances, the respondent is censured based upon the disciplinary action taken by the SDNY.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and LUCIANO, JJ., concur.

Ordered that the respondent's motion to confirm the Special Referee's report is denied to the extent that the affirmative defense raised by the respondent is dismissed; and it is further,

Ordered that the motion by the petitioner to impose discipline upon the respondent is granted; and it is further,

Ordered that the respondent is censured for his professional misconduct.