Matter of Joffe (2023 NY Slip Op 06205)

Matter of Joffe

2023 NY Slip Op 06205

Decided on November 30, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Anil C. Singh
Justice Presiding
Lizbeth González Tanya R. Kennedy Julio Rodriguez III Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-03320 Case No. 2023-03780 

[*1]In the Matter of Dimitry Joffe, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Dimitry Joffe (OCA ATTY. Reg. No. 2990828), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Dimitry Joffe, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 27, 1999.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Dimitry Joffe was admitted to the practice of law in the State of New York by the First Judicial Department on July 27, 1999. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
This matter arises out of respondent's conduct after he was admitted pro hac vicein March 2016 to serve as the plaintiffs' lead and effectively only counsel in a case before the U.S. District Court for the District of Massachusetts.[FN1] In November 2020, the plaintiffs obtained new counsel, but the defendants nevertheless moved for sanctions and to refer respondent for disciplinary proceedings on account of his inappropriate behavior throughout the litigation process. Respondent opposed and the plaintiffs' new counsel moved for respondent's withdrawal, which the court allowed subject to resolution of the motion for referral. By January 12, 2021 order and decision, the district court found that there was credible evidence that respondent likely committed professional misconduct and granted the defendants' motion to the extent of referring the matter to the presiding judge for review and possible disciplinary action.
By order dated September 7, 2021, the District of Massachusetts found that there was clear and convincing evidence that respondent had engaged in litigation-related professional misconduct, including, inter alia, attempting to represent his clients without local counsel; repeatedly failing to conform his clients' second amended complaint to Federal Rules of Civil Procedure 8 (requiring a pleading contain "a short and plain statement of the claim showing the pleader is entitled to relief") and 9 (requiring that fraud claims must be pled with particularity) despite repeated warnings to do so; failing to produce appropriately relevant documents after litigation was reasonably anticipated; repeatedly interrupting proceedings even after he was judicially reprimanded; failing to comply with rules governing discovery motions; repeatedly failing to include memoranda with motions despite repeated specific warnings; repeatedly failing to confer with opposing counsel; repeatedly missing discovery deadlines; and repeatedly and brazenly threatening an opposing party with criminal prosecution during a deposition.
The district court directed respondent to file both the order that set forth its findings and the referral order that initiated the disciplinary [*2]proceedings with all jurisdictions in which he is admitted. Respondent must also file the orders with all jurisdictions in which he presently appears, seeks to appear pro hac vice, or seeks admission for a period of five years. No additional discipline was imposed. The United States Court of Appeals for the First Circuit affirmed on appeal.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), the Rules For Attorney Discipline Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline by the federal court, and suspending him for three months, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent opposes the imposition of reciprocal discipline.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state. The AGC argues that none of the enumerated defenses apply here because "[r]espondent cannot claim that he lacked due process or there was insufficient evidence," as "[h]e filed a lengthy Declaration in response to the order to show cause, and a sanction hearing was conducted at his request and "the misconduct in which respondent engaged in Massachusetts also constitutes misconduct in New York, in violation of [] New York Rules of Professional Conduct."
As to sanction, the AGC notes that in reciprocal discipline cases, this Court generally defers to the sanction determination in the foreign jurisdiction. The AGC nevertheless argues that the general rule does not apply in this case because "[t]his reciprocal proceeding is unique in that specific discipline was not imposed" and that "Massachusetts has essentially deferred to this Court and any other Court in which respondent is admitted to the bar."
By affirmation, respondent opposes and asserts the infirmity of proof defense. He argues that his amended complaints were compliant with federal rules and that his second amended complaint was ultimately accepted and remained the operative pleading. Respondent further asserts that, by arguing that local counsel was not required in response to local counsel's motion to withdraw, he was not violating a court directive/rule, but rather was making a good faith argument in support of his position. Respondent considers his production of voluminous nonresponsive electronic discovery to be a "mistake" that he freely admitted to the court and attempted to remedy. Further, he considers his opposing of the defendants' [*3]request to submit a reply to his opposition to their motion to compel to be "appropriate," even though the referring judge admonished him for it.
Respondent also reiterates the justifications for his motions to compel discovery production made in his February 22, 2021 response to the federal court's order to show cause. Although respondent apologizes for repeatedly interrupting court proceedings and threatening a deponent with criminal prosecution, he maintains that he "did not intend to show disrespect to the Court" and his threats were made "solely to elicit truthful answers from the witness." He additionally argues that the record does not support the findings that he failed to confer with opposing counsel regarding motions and to produce and preserve relevant documents and disputes the AGC's contention that he failed to provide competent representation, as the federal disciplinary proceeding did not yield this finding.[FN2]
Respondent opposes the AGC's request for a three-month suspension as "a type of discipline that is by several degrees more severe than the discipline imposed by the Massachusetts District Court." In mitigation, respondent asserts: absence of dishonesty, bad faith, or selfish motive; no prior discipline; timely reporting of his federal discipline, which the AGC has acknowledged; acceptance of responsibility to the nonresponsive electronic discovery and remedial action; apologies to the court for his interruptive behavior; no injury to others; no likelihood of repetition of the conduct at issue as evidenced by his continued practice of law without incident; and his history of pro bono work.
In reply, the AGC maintains that respondent's infirmity of proof defense fails, as not only did the Massachusetts federal court find that there was clear and convincing evidence of professional conduct on respondent's part, but his arguments in support are substantially the same as those he unsuccessfully made in the federal disciplinary proceeding.[FN3] As to his proffered mitigation, the AGC argues that respondent's refusal to acknowledge wrongdoing and unrepentance, supported by the findings made by the referring judge, constitute "serious factors in aggravation".
Contrary to respondent's position, the infirmity of proof defense does not apply. Respondent received notice of the misconduct allegations against him and mounted a full and vigorous defense, as evidenced by his 37-page response to the district court's order to show cause, his testimony at the disciplinary hearing and his unsuccessful appeal to the First Circuit. Further, the district court found clear and convincing evidence of his professional misconduct based on the well-developed record, and such misconduct would also constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a), 3.3(f)(4), 3.4(c), 3.4(e), and 8.4(h). As a result, the two other enumerated defenses also do not apply.
We find that the appropriate sanction is public [*4]censure of respondent, which is both commensurate with the discipline imposed by the federal court and in accord with our precedent involving comparable misconduct. Although the AGC argues that departure from the imposed federal discipline is necessary under the circumstances, the federal court did not suspend or revoke respondent's pro hac vice status. Instead, it directed respondent to file the order finding him guilty of misconduct, along with the referral order for disciplinary proceedings, with the jurisdictions in which he is admitted and, for a period of five years, with the jurisdictions in which he presently appears, seeks to appear pro hac vice, or seeks admission.
Consequently, the federal court in essence imposed a public censure by confining the discipline to finding respondent guilty of misconduct and ordering him to disseminate the orders referring him for disciplinary proceedings. This is generally consistent with New York precedent involving similar transgressions (see e.g. Matter of Mumford, 171 AD3d 180 [1st Dept 2019]; Matter of Gluck, 153 AD3d 301 [1st Dept 2017; Matter of Vialet, 120 AD3d 91 [1st Dept 2014]; see also Matter of Shanley, 136 AD3d 118 [4th Dept 2015]; Matter of Monaghan, 295 AD2d 38 [2d Dept 2002].
Accordingly, the AGC's motion should be granted to the extent of publicly censuring respondent.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and Rules for Attorney Disciplinary Matters 22 NYCRR 1240.13, predicated upon discipline imposed by the United States District Court for the District of Massachusetts, is granted, and
It is further Ordered that respondent is publicly censured for the underlying misconduct.
Entered: November 30, 2023

Footnotes

Footnote 1: Pursuant to local court rule, there was also a local counsel of record.

Footnote 2: The AGC contends that this omission was in error.

Footnote 3: In cases of professional misconduct, New York uses the lower preponderance of the evidence standard.