**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 12, 2025

Patricia R. Urban, Esquire
Megan Ix Brison, Esquire
Pinckney, Weidinger, Urban & Joyce LLC
2 Mill Road, Suite 204
Wilmington, DE 19806

Marc S. Casarino, Esquire
Karine Sarkisian, Esquire
Kennedys CMK LLP
222 Delaware Avenue, Suite 710
Wilmington, DE 19801

RE:  *Broadscale OC Investors L.P. v. Gary Clayton et al.*,
C.A. No. 2020-0262-PAF

Dear Counsel:

As indicated in the court's March 11, 2025 letter to counsel, the court learned earlier this week that Dimitry Joffe, Esquire, who is admitted *pro hac vice* and is Plaintiff's lead trial counsel, was the subject of disciplinary proceedings in Massachusetts and New York during the pendency of this action. Specifically, by order dated September 7, 2021 (approximately 16 months after Mr. Joffe was admitted *pro hac vice* in this action),[1] the United States District Court for the District of Massachusetts found clear and convincing evidence that Mr. Joffe engaged in

---

[1] Mr. Joffe's motion for admission *pro hac vice* was filed by a different law firm than Plaintiff's current Delaware counsel. Dkt. 6. In his application for admission, Mr. Joffe certified that he was admitted for the practice of law in the State of New York, the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Eastern and Southern Districts of New York. *Id*.

litigation-related misconduct that resulted in "five violations of the Massachusetts Rules of Professional Conduct."[2]  The Massachusetts federal court directed Mr. Joffe to file both the order that articulated the court's findings and the referral order that initiated the disciplinary proceedings "with each court of which Joffe is presently a member of the bar" and to do so "for the next five years . . . with each court before which he presently appears or seeks to appear *pro hac vice* and with each court to which he seeks admission to the bar."[3]

Based upon the disciplinary action taken in Massachusetts, the Attorney Grievance Committee for the First Judicial Department in New York sought and obtained an order seeking reciprocal discipline against Mr. Joffe in 2023.  After Mr. Joffe "mounted a full and vigorous defense," the Supreme Court of the State of New York Appellate Division, First Judicial Department, determined that "the appropriate sanction is public censure of respondent, which is both commensurate with the discipline imposed by the [Massachusetts] federal court and in accord with [New York's] precedent involving comparable misconduct."[4]

---

[2] *Farrell v. Joffe*, No. 21-91017-WGY, at 4 (D. Mass. Sept. 7, 2021) (ORDER), *aff'd sub nom. In re Joffe*, No. 21-1809 (1st Cir. Aug. 9, 2022).

[3] *Id.*

[4] *In re Joffe*, 200 N.Y.S.3d 361, 364 (N.Y. App. Div. 2023).

After the court learned of the Massachusetts and New York disciplinary orders, the court inquired of Plaintiff's Delaware counsel as to whether the orders were reported to the Delaware Office of Disciplinary Counsel ("Delaware ODC").[5] In a letter to the court on March 11, 2025, Plaintiff's Delaware counsel stated that "Delaware counsel has not reported the results of those proceedings to the Delaware Office of Disciplinary Counsel because Delaware counsel was not aware of, nor informed of, those proceedings."[6]

In a supplemental letter filed earlier this morning, Plaintiff's Delaware counsel attached a "form of letter that Mr. Joffe represents he sent to the Clerk of the Court via FedEx on or about November 29, 2021" (the "November 29 Form of Letter").[7] The November 29 Form of Letter is addressed to "Office of the Clerk" of the Court of Chancery of the State of Delaware and consists of one paragraph, which references the Massachusetts court's order and the referral order and indicates that these orders were attached to November 29 Form of Letter. The November 29 Form

---

[5] Dkt. 161 (March 11, 2025 letter from Plaintiff's Delaware counsel responding to the court's March 11, 2025 inquiry). *See* Del. Lawyer's R. Disciplinary Proc. 18(a) ("Upon being disciplined . . . in another jurisdiction, a lawyer admitted to practice in Delaware shall promptly inform ODC of the discipline[.]"); *id*. R. 7(d) (stating that a failure to furnish information to ODC is "grounds for disciplinary action").

[6] Dkt. 162.

[7] Dkt. 163.

of Letter does not identify any civil action in this court to which it relates, and does not copy any judicial officer, Delaware attorney, or the Delaware ODC. The submission of Plaintiff's Delaware counsel did not attach the Massachusetts court's order or the referral order. The submission of Plaintiff's Delaware counsel also did not attach any FedEx receipt that would confirm delivery of the November 29 Form of Letter to the Register in Chancery. There is no reference to the November 29 Form of Letter on the docket.[8]

Even accepting that the November 29 Form of Letter, along with the Massachusetts court's order and the referral order, was delivered to the Register in Chancery, at no time did Mr. Joffe inform his corresponding Delaware counsel, the presiding judicial officer in this action, or the Delaware ODC of the disciplinary orders entered in Massachusetts. And at no time did Mr. Joffe inform his corresponding Delaware counsel, the Register in Chancery, this judicial officer, or the Delaware ODC of the New York disciplinary order.[9]

The court has determined that the events described above warrant a referral to the Delaware ODC. Accordingly, the trial in this action, which had been scheduled

---

[8] The court has requested that the Register in Chancery search to determine whether it has any record of having received the November 29 Form of Letter.

[9] Dkt. 162.

for next week, has been removed from the court's calendar, and this action is stayed

pending further order of the court.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

cc:    Jessica L. Tyler, Esquire
       Chief Disciplinary Counsel, Delaware ODC